United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-50192

BEVERLY PERDUE

Plaintiff - Appellant

VERSUS

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; WILLIAM W. SULLIVAN, JR.

Defendants - Appellees

Appeal from the United States District Court
For the Western District of Texas
W-02-CV-140

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

After reviewing the record and considering the argument of counsel and the briefs of the parties we affirm the dismissal of both remaining defendants, Johnson and Sullivan.

The only claim Perdue has remaining against Johnson is a claim for attorney's fees which she contends she is entitled to because

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

medical care was provided to Perdue only after she filed suit. The record does not reveal, however, that the suit was served before medical care was provided to Perdue or that the suit provided the impetus for the state providing that care.

As to defendant Sullivan, the predicate for Perdue's suit against him was the excessive force Sullivan used in subduing her. We agree with the district court that Perdue was required to exhaust her administrative remedies before filing suit against Sullivan. Although the state did not raise the exhaustion defense before the court's deadline for filing motions, the district court did not abuse its discretion in lifting that deadline and allowing the defense to be asserted at a later date. Perdue has demonstrated no legal prejudice from the district court's decision allowing Sullivan to raise his exhaustion defense because at the time the defense was asserted Perdue had ample time to exhaust administrative remedies as to this claim and file suit before the statute of limitations ran.

AFFIRMED.

2